Jeffery R. Menard, Esq. SBN 248508
325 7th Ave
Suite 1706
San Diego, CA 92101
Telephone: (858) 869-9529

Attorney for Plaintiff
RODGER DEAN ANDERSON

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER DEAN ANDERSON<br><br>        Plaintiff,<br>v.<br><br>CREDIT ONE BANK, NATIONAL ASSOCIATION and Does 1 through 100<br><br>        Defendants. | Case No.:<br>`16cv3125-MMA (AGS)`<br><br>**COMPLAINT FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC SECTION 1788-1788.32); VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 ET SEQ.); AND INTRSION**<br><br>**Demand for Jury Trial** |

COMES NOW PLAINTIFF who seeks damages against the Defendants, and each of them as follows:

## I.     INTRODUCTION

1.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.     Rodger Dean Anderson, individually, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Credit One Bank, National Association (hereinafter "CREDIT ONE"), a business entity form unknown and Does 1 through 100, (hereinafter CREDIT ONE together with Does 1 through 100 will be referred to as "Defendants"), with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect

a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, managing agents and insurers of Defendant(s) named in this caption.

## II.   PARTIES

4. Plaintiff is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

6. Plaintiff is informed and believes that Defendant CREDIT ONE, a business entity form unknown, is a company operating and licensed to do business in San Diego County.

7. The identity and true names and capacities of the DEFENDANTS named herein as DOES I through 100, inclusive and each of them are not known to PLAINTIFF. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTI FF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are responsible in some way for the occurrences alleged herein and that PLAINTIFF'S damages as alleged herein were proximately caused by the conduct of each of these DEFENDANTS.

8. PLAINTIFF is informed and believes and thereon alleges that each of the DEFENDANTS named herein is the agent, employee, servant and/or successor of the remaining DEFENDANTS in that in doing the acts alleged herein said DEFENDANTS were acting within the course and scope of said agency, employment. agency or successorship.

9. Plaintiff is informed and believes, and thereon alleges, that the Defendants are an entity that uses an instrumentality of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

10. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### III. FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

14. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

Namely, the Plaintiff allegedly incurred a CREDIT ONE consumer credit card which he used for personal and household purposes.

15.     In the first half of 2015 the Plaintiff closed the subject CREDIT ONE credit card after paying off the remaining balance.

16.     Approximately 4 months later CREDIT ONE began telephoning the Plaintiff demanding payment.  Plaintiff notified CREDIT ONE that he closed the subject credit card and it had a $0.00 balance at the time.

17.     The representative from CREDIT ONE notified the Plaintiff that CREDIT ONE was collecting the credit cards annual fee despite the fact that Plaintiff has previously closed the credit card.

18.     The Plaintiff felt it was easier to pay the annual fee and then request that the subject account be closed once again rather than argue with CREDIT ONE and deal with derrogatories on his credit report.  At this time the Plaintiff instructed the representative to close his account and to stop calling him.

19.     Three or four days later the Plaintiff received a similar phone call from CREDIT ONE, demanding payment once again for the annual credit card fees.  At this time the Plaintiff became frustrated, refused to pay, explained the situation to the CREDIT ONE representative, requested CREDIT ONE close the account immediately and instructed CREDIT ONE

to stop calling.  The CREDIT ONE representative notified the Plaintiff that CREDIT ONE could not close the account until the balance is paid off and told the Plaintiff that CREDIT ONE could not stop calling until the balance is paid.

20. From that point forward, all through 2016 up until the time of filing this Complaint, CREDIT ONE telephoned Plaintiff no less than 100 times on his cellular telephone using an automated telephone dialing system.

21. Defendants willfully and knowingly made no less than 100 phone calls to Plaintiff's cellular phone using an automatic phone dialer system.

22. When Plaintiff would answer the telephone calls from CREDIT ONE, there would be a pause before a live person would appear on the telephone.

23. At times, the Plaintiff would answer the telephone and a live operator would never appear, there would be only dead air until the Plaintiff ended the telephone call.

24. CREDIT ONE would often times leave recorded messages using an artificial voice.

25. Plaintiff has never given Defendant permission to call his cellular phone and if Defendant did have authorization, Plaintiff rescinded this authorization numerous times.

26. These collection communications on these occasions to Plaintiffs were false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the RFDCPA, including but not to limited to violated California Civil Code Section 1788.17 by violating 15 U.S.C Section , 1692 d, 1692 d (5), 1692 e, and 1692 f.  Defendants also violated California Civil Code Section 1788.11 (d), and 1788.11(e).

27. The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

28. The acts and omissions by the individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, the individual Defendants and these other debt collectors were motivated to benefit their principal, Defendants.

30. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the RFDCPA, in their attempts to collect this debt from Plaintiffs.

31. Defendants acted maliciously by repeatedly calling and harassing the Plaintiff, even after Plaintiff instructed Defendants that Defendants did not have Plaintiffs permission to call his cellular phone.  This conduct was intended by the defendants to cause injury to the plaintiff, and it did cause injury to the Plaintiff.  Defendants conduct was also despicable conduct which was carried on by the defendants with a willful and conscious disregard of the rights of the Plaintiff.

32. Defendants conduct was also oppressive.  The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiffs rights.

33. In committing the acts alleged herein, Defendants, CREDIT ONE, and DOES 1 through 100, and each of them, have acted maliciously and oppressively.  Each of these acts has been ratified and adopted by defendants' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the

time of trial, sufficient to deter defendants from engaging in the same conduct in the future.

34. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, deterioration of marriage, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

## IV.   FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

37. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the

amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## V. SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.)

38. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each Plaintiff.

40. As a result of each and every Defendant's violations of the TCPA, Plaintiffs are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq.; and,

reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

## VI. THIRD CAUSE OF ACTION

### (INTRUSION)

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants intentionally penetrated Plaintiff's zone of sensory privacy surrounding him by repeatedly calling him and harassing him.

43. CREDIT ONE attempted to collect on the cards annual fees after the account had been closed and then after the Plaintiff paid the annual dues, CREDIT ONE once again attempted to collect on the same fees a couple days later. After refusing to pay, CREDIT ONE telephoned Plaintiff no less than 100 times attempting to collect on a debt that is not owed despite Plaintiff's request to not call him.

44. Plaintiff had a reasonable expectation of seclusion and solitude at home and at work which is the primary place where most of these phone calls took place.

45. The 100 phone calls after Plaintiff closed his account was highly offensive to Plaintiff and would be highly offensive to a reasonable person.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

### FIRST CAUSE OF ACTION

1. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

2. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### SECOND CAUSE OF ACTION

1. For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

2. For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

### THIRD CAUSE OF ACTION

1. For an award of actual damages against each and every Defendant and for each Plaintiff;

2. For an award of emotional distress damages against each and every Defendant and for each Plaintiff;

3. For an award of punitive damages against each and every Defendant and for each Plaintiff;

Dated: 12/28/2016                                   By: /s/ Jeffery R. Menard__

                                                     Jeffery R. Menard, attorney for Plaintiffs