# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER DEAN ANDERSON,<br><br>Plaintiff,<br>v.<br>CREDIT ONE BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No.: 16cv3125-MMA (AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY**<br><br>[Doc. No. 10] |

Plaintiff Rodger Dean Anderson ("Plaintiff") brings this action against Defendant Credit One Bank, National Association ("Defendant" or "Credit One Bank") alleging three causes of action for: (1) violations of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*; (2) violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*; and (3) intrusion. *See* Complaint. Defendant moves to compel arbitration and stay this case pursuant to the Federal Arbitration Act. *See* Doc. No. 10. Plaintiff filed an opposition, to which Defendant replied. *See* Doc. Nos. 11, 12. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 13. For the reasons set forth below, the Court **DENIES** Defendant's motion to compel arbitration and to stay.

## BACKGROUND

Plaintiff, a resident of California, applied for a credit card online with Credit One Bank. Upon approval, Credit One Bank mailed Plaintiff a credit card. The parties dispute whether Defendant included its Cardholder Agreement, Disclosure Statement and Arbitration Agreement in the same envelope as Plaintiff's credit card.

Plaintiff activated his credit card in February 2015. *See* Doc. No. 10 at 6. Plaintiff began using his credit card for personal and household purposes. Plaintiff closed his credit card account in June 2015 "after paying off the remaining balance." Complaint ¶ 15. Approximately four (4) months later, Credit One Bank began telephoning Plaintiff and demanding payment. Complaint ¶ 16. However, Plaintiff notified Credit One Bank that there was a $0.00 balance on his account. Complaint ¶ 16. Credit One Bank informed Plaintiff that Plaintiff had not paid the annual card fee. *See* Complaint ¶ 17. Plaintiff then paid the annual fee, but continued to receive phone calls from Credit One Bank demanding payment for the annual credit card fee. Complaint ¶ 19. Plaintiff contends Credit One Bank "continued making calls, frequently multiple times per day, in an attempt to collect this debt from Plaintiff." Doc. No. 11 at 6; *see* Complaint ¶ 20.

Plaintiff filed the instant action alleging Credit One Bank made these phone calls in violation of California's Rosenthal Debt Collection Practices Act and the Telephone Consumer Protection Act, and that the collection calls were an intrusion into Plaintiff's privacy. Credit One Bank seeks to compel arbitration asserting Plaintiff "expressly agreed" to Credit One Bank's arbitration policy. Doc. No. 10 at 7-8. Plaintiff opposes, contending that he never entered into an arbitration agreement with Credit One Bank.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district

court must issue an order compelling arbitration. *Id.*

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *AT & T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011). Federal courts are required to rigorously enforce an agreement to arbitrate. *See id.* Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476–77 (1989).

In determining whether to compel a party to arbitration, the Court may not review the merits of the dispute; rather, the Court's role under the FAA is limited "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks and citation omitted). If the Court finds that the answers to those questions are "yes," the Court must compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). If there is a genuine dispute of material fact as to any of these queries, a district court should apply a "standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56]." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004).

Agreements to arbitrate are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. Courts must apply ordinary state law principles in determining whether to invalidate an agreement to arbitrate. *Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 782 (9th Cir. 2002). As such, arbitration agreements may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability. *Concepcion*, 563 U.S. at 339-41.

### DISCUSSION

**1. The Court May Consider Plaintiff's Challenge to the Arbitration Agreement**

As an initial matter, Defendant contends that to the extent "Plaintiff asserts any

challenge to the existence of the arbitration agreement, that issue has been contractually delegated to the arbitrator to decide." Doc. No. 10 at 9 n.1. Defendant relies on *Fischer v. Rent-A-Ctr., Inc.*, 2014 WL 3729553, at *3-4 (E.D. Cal. July 24, 2014) in support of this proposition.

Pursuant to the FAA, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). "Because such issues would otherwise fall within the province of judicial review, we apply a more rigorous standard in determining whether the parties have agreed to arbitrate the question of arbitrability." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011). Therefore, "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). "Such [c]lear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so." *Momot*, 652 F.3d at 988 (citation omitted).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc.*, 475 U.S. at 648. Thus, "when one party disputes the 'making of the arbitration agreement,' the Federal Arbitration Act requires that 'the court [ ] proceed summarily to the trial thereof' before compelling arbitration under the agreement." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (quoting 9 U.S.C. § 4). "The Ninth Circuit has interpreted this to include challenges to the arbitration clause, as well as challenges to the making of the contract containing the arbitration clause." *Doherty v. Barclays Bank Del.*, 2017 WL 588446, at *3 (S.D. Cal. Feb. 14, 2017) (citing *Sanford*, 483 F.3d at 962).

Here, Plaintiff challenges the existence of an agreement to arbitrate. Plaintiff maintains he never received a copy of Defendant's arbitration policy, and was never notified of any such policy. *See* Doc. No. 11 at 10. Thus, the Court finds insufficient

evidence to conclude that the parties "clearly and unmistakably" agreed to arbitrate any dispute. Additionally, Defendant's reliance on *Fischer* is misplaced. The arbitration agreement in *Fischer* included a provision which delegated authority to an arbitrator, "and not any federal, state, or local court or agency," to resolve any dispute relating to the interpretation and enforceability of the agreement. 2014 WL 3729553, at *4. Unlike *Fischer*, Defendant's arbitration policy contains no similar provision delegating authority solely to an arbitrator. Accordingly, the Court must proceed to determine whether a valid contract to arbitrate exists. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995) ("We conclude that, because the [plaintiffs] did not clearly agree to submit the question of arbitrability to arbitration, the Court of Appeals was correct in finding that the arbitrability of the . . . dispute was subject to independent review by the courts.").

### 2. *A Valid Arbitration Agreement Does Not Exist*

Defendant moves to compel arbitration arguing that Plaintiff's claims, as set forth in his Complaint, are subject to an arbitration agreement entered into between the parties. *See* Doc. No. 10 at 1. Defendant submits three documents in support of its motion to compel arbitration: (1) the declaration of Gary Harwood, Vice President of Portfolio Services at Credit One Bank (Doc. No. 10-1, hereinafter "Harwood Decl."); (2) an electronic printout of Plaintiff's online credit card application (Doc. No. 10-2, Exh. A); and (3) an unsigned Cardholder Agreement, Disclosure Statement and Arbitration Agreement (Doc. No. 10-3, Exh. B). Plaintiff contends the Court should deny Defendant's motion to compel arbitration because Plaintiff never received the Cardholder Agreement attached to Defendant's motion as Exhibit B, was unaware of an arbitration agreement, and did not consent to any arbitration agreement. *See* Doc. No. 11 at 5.

"It is undisputed that under California law[1], mutual assent is a required element of

---

[1] The Court notes that both parties cite to and rely upon California law in arguing the existence, or lack thereof, of an agreement to arbitrate. *See* Doc. Nos. 11 at 8, 12 at 3. However, although not mentioned by either party, the Cardholder Agreement, which encompasses the arbitration provisions, contains a choice of law provision designating Nevada law. *See* Doc. No. 10-3 at 5. Even if the Court

contract formation." *Doherty*, 2017 WL 588446, at *3 (citing *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014)); *see also* Restatement (Second) of Contracts § 3 ("An agreement is a manifestation of mutual assent on the part of two or more persons."). "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991). In determining whether there is a genuine issue of fact concerning formation of an agreement, the party opposing arbitration shall receive "the benefit of all reasonable doubt and inferences." *Id.*

Here, factual disputes exist as to Plaintiff's assent to the terms of the Credit One Bank's Cardholder Agreement, Disclosure Statement and Arbitration Agreement. Mr. Harwood avers Credit One Bank mailed Plaintiff a copy of Credit One Bank's Cardholder Agreement, Disclosure Statement and Arbitration Agreement (attached as Exhibit B) in the same envelope as Plaintiff's new credit card for activation. Harwood Decl. ¶ 6. Plaintiff declares, however, that his "credit card was not accompanied by any other document." Doc. No. 11-1 (hereinafter "Anderson Decl.").[2] Defendant further asserts that Plaintiff's use "of the credit card was Plaintiff's outward manifestation of consent to the Cardholder Agreement . . . ." Doc. No. 12 at 3. However, Plaintiff asserts that aside from receiving his monthly statements, he never received the Cardholder Agreement attached as Exhibit B, nor did Credit One Bank ever notify Plaintiff that he

---

were to apply Nevada law, the Court would reach the same conclusion that no agreement to arbitrate exists. *See Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012) ("Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration. A meeting of the minds exists when the parties have agreed upon the contract's essential terms.") (internal citations and quotations omitted).

[2] Defendant does not address Plaintiff's declaration in its reply brief. In fact, Defendant claims "Plaintiff's Opposition is unsupported by a declaration, and therefore, are arguments essentially made by Plaintiff's counsel." Doc. No. 12 at 2. To the contrary, Plaintiff attaches his own declaration in support of his Opposition to Defendant's motion to compel as Doc. No. 11-1.

was bound to arbitrate disputes in connection with his credit card. Anderson Decl. ¶¶ 7-9. Thus, in light of Plaintiff's declaration to the contrary, Mr. Harwood's declaration is insufficient to show the absence of a genuine dispute of fact as to whether Plaintiff received a copy of Defendant's Cardholder Agreement, or whether Plaintiff assented to its terms. Resolving all reasonable doubts in favor of Plaintiff, factual disputes exist as to the existence of an arbitration agreement between the parties. *See Three Valleys Mun. Water Dist.*, 925 F.2d at 1141 ("The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.").

The remaining evidence Defendant submits is similarly insufficient to demonstrate the parties' mutual assent to the terms of the arbitration agreement. Exhibit A, an online printout of Plaintiff's credit card application, provides no information about Defendant's Cardholder Agreement, Disclosure Statement or Arbitration Agreement. *See* Doc. No. 10-2, Exh. A. Thus, Exhibit A sheds no light on Plaintiff's alleged assent to the arbitration agreement. Similarly, Exhibit B, a copy of Defendant's Cardholder Agreement, Disclosure Statement and Arbitration Agreement, is a standard form agreement that does not bear Plaintiff's signature. *See* Doc. No. 10-3, Exh. B. In the absence of any additional information, Defendant presents insufficient evidence to show the absence of a genuine dispute of fact as to the existence of an arbitration agreement. *See Smith v. Wells Fargo Bank, N.A.*, 15-CV-1890-W-JMA (S.D. Cal. Feb. 4, 2016) (Doc. No. 10) (denying Wells Fargo Bank's motion to compel arbitration where the plaintiff claimed she never received any documentation along with her Wells Fargo credit card notifying her of Wells Fargo's arbitration policy).

Accordingly, the Court **DENIES** Defendant's motion to compel arbitration and to stay. Because Defendant has not met its burden of showing the absence of a genuine dispute of fact as to the existence of an agreement to arbitrate, the Court need not reach the issues of whether the arbitration provision set forth in Exhibit B encompasses

Plaintiff's claims, or whether such provision is unconscionable.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to compel arbitration and to stay.

**IT IS SO ORDERED.**

Dated: May 22, 2017

HON. MICHAEL M. ANELLO
United States District Judge