# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER DEAN ANDERSON,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No.: 16cv3125-MMA (AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>[Doc. No. 26] |

Plaintiff Rodger Dean Anderson ("Plaintiff") brings this action against Defendant Credit One Bank, National Association ("Defendant" or "Credit One Bank") alleging three causes of action for: (1) violations of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*; (2) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and (3) intrusion. *See* Complaint. Defendant moves to stay this action. *See* Doc. No. 26. Plaintiff filed an opposition, to which Defendant replied. *See* Doc. Nos. 28, 29. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 30. For the reasons set forth below, the Court **DENIES** Defendant's motion to stay.

/ / /

## BACKGROUND

Plaintiff, a resident of California, applied online for a credit card with Credit One Bank. Upon approval, Credit One Bank mailed Plaintiff a credit card. Plaintiff activated his credit card in February 2015, and began using his credit card for personal and household purposes. In June 2015, Plaintiff closed his credit card account "after paying off the remaining balance." Complaint ¶ 15.

Approximately four (4) months later, Credit One Bank began telephoning Plaintiff and demanding payment. Complaint ¶ 16. Plaintiff claims Credit One Bank used an "automatic telephone dialing system" ("ATDS") in violation of the TCPA. Complaint ¶ 20. Plaintiff asserts he notified Credit One Bank that there was a $0.00 balance on his account. Complaint ¶ 16. Credit One Bank informed Plaintiff that Plaintiff had not paid the annual card fee. *See* Complaint ¶ 17. Plaintiff then paid the annual fee, but continued to receive phone calls from Credit One Bank demanding payment for the annual credit card fee. Complaint ¶ 19. Plaintiff contends Credit One Bank continued making calls, often multiple times per day, in an attempt to collect this debt from Plaintiff. *See* Complaint ¶ 20. Plaintiff further alleges that Credit One Bank "would often leave recorded messages using an artificial voice." Complaint ¶ 27. Plaintiff asserts he "has never given Defendant permission to call his cellular phone and if Defendant did have authorization, Plaintiff rescinded this authorization numerous times." Complaint ¶ 25.

## LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not

"necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay pursuant to *Landis*, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

### A. Defendant's Request for Judicial Notice

As an initial matter, Defendant requests the court take judicial notice of five exhibits in connection with its motion to stay. *See* Doc. No. 27. Specifically, Defendant requests the Court take judicial notice of: (1) the Second Amended Petition filed in *ACA International v. Fed. Comm'ns Comm'n*, Appeal No. 15-1211 (D.C. Cir.); (2) the docket in *Marks v. Crunch San Diego, LLC*, a case on appeal in the Ninth Circuit, No. 14-56834; (3) a district court's order granting the defendant's motion to stay in *Bowden v. Contract Caller, Inc.*, 16-cv-6171-MMC (N.D. Cal. Apr. 5, 2017); (4) a district court's order granting the defendant's motion to stay in *Roark v. Credit One Bank, N.A.*, 16-cv-00173-RHK-FLN (D. Minn. Dec. 6, 2016); and (5) a district court's order granting the defendant's motion to stay in *Kristensen v. Credit One Bank, N.C.*, 14-cv-7963-DMG-AJWX (C.D. Cal. July 28, 2016). *See id.* Plaintiff did not file an opposition to Defendant's request for judicial notice.

Regarding Defendant's requests for judicial notice of Exhibits 1 and 2, a court may

take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Because Plaintiff does not dispute the authenticity of these documents, and because the facts are not subject to reasonable dispute, the Court **GRANTS** Defendant's request for judicial notice of Exhibits 1 and 2. *See* Fed. R. Evid. 201(b).

Regarding Defendant's request for judicial notice of Exhibits 3-5, to the extent Defendant seeks to establish the existence of Exhibits 3-5, the Court **GRANTS** Defendant's request for judicial notice. However, to the extent Defendant seeks to provide supplemental authority for the Court's consideration, such a request is misguided. *See In re Bare Escentuals, Inc. Sec. Litig.,* 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[t]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."); *see also Garcia v. California Supreme Court*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) ("a request for judicial notice is not a proper vehicle for legal argument.").

**B.     Defendant's Motion to Stay**

Defendant moves to stay this action pending the outcome of the D.C. Circuit Court's decision in *ACA International v. Fed Commc'ns Comm'n*, Appeal No. 15-1211 (D.C. Cir.), in which the D.C. Circuit has been asked to review various aspects of an order issued by the Federal Communications Commission ("FCC") (hereinafter "2015 FCC Order"). In its order, the FCC clarified various provisions of the TCPA, including the definition of ATDS and revocation of consent. *See* Defendant's Request for Judicial Notice (hereinafter "RJN"), Exh. 1. Defendant argues the ruling in *ACA International* will affect two issues in this case: whether Defendant used an ATDS, and whether Plaintiff effectively revoked any prior express consent. Defendant also notes that the Ninth Circuit has stayed its review of *Marks v. Crunch San Diego*, 55 F. Supp. 3d 1288 (S.D. Cal. 2014), a case regarding the definition of an ATDS, pending the D.C. Circuit's decision in *ACA International*. *See* RJN, Exh. 2. Defendant claims the D.C. Circuit's

ruling "will have a domino effect on the Ninth Circuit's construction of an ATDS." Doc. No. 26-1 at 2.

Plaintiff opposes Defendant's motion, arguing the ruling in *ACA International* will likely not impact the issues in this case, and that Defendant has not demonstrated it will suffer hardship in the absence of a stay. *See* Doc. No. 28. In ruling on the instant motion, the Court considers: (1) whether a stay supports judicial economy; (2) whether Defendant will suffer hardship or inequity in the absence of a stay; and (3) prejudice to Plaintiff. *See Lockyer*, 398 F.3d at 1110.

### 1. *Judicial Economy*

The Court must consider whether a stay would promote "the orderly course of justice measured in terms of the simplifying . . . of issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110. Defendant contends the D.C. Circuit's ruling in *ACA International* will narrow key factual and legal issues including the FCC's definition of an ATDS and whether a consumer may revoke consent. *See* Doc. No. 26-1 at 5. In response, Plaintiff asserts it is speculative whether the decision in *ACA International* will even apply to this case. *See* Doc. No. 28 at 5.

The Court is not persuaded that a stay pending the D.C. Circuit's ruling in *ACA International* would promote judicial economy in this case. Plaintiff asserts two theories in support of his TCPA claim. Plaintiff alleges Defendant used both an ATDS and an "artificial voice." Complaint ¶¶ 20, 27. A plaintiff may bring a claim under the TCPA by alleging that the defendant called him or her using *either* an ATDS *or* an artificial voice. *See* 47 U.S.C. § 227(b)(1) (emphasis added). As a result, Plaintiff's TCPA claim will remain even if the D.C. Circuit's ruling impacts the definition of an ATDS. *See Declue v. United Consumer Fin. Servs. Co.*, 2017 WL 4541668, at *2 (S.D. Cal. Oct. 11, 2017); *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1233 (S.D. Cal. 2017) ("[B]ecause Plaintiff alleges Defendant violated the TRCPA through **_both_** the use of an ATDS and an artificial or prerecorded voice, Plaintiff's TCPA claim will stand despite the ATDS allegations.") (emphasis in original). Moreover, "discovery regarding the type

of calling system Defendant uses will be necessary to determine whether it fits any definition of ATDS, whether it will be that of the 2015 FCC Order or a new definition provided by the D.C. Circuit." *Declue*, 2017 WL 4541668, at *2.

Further, regardless of the D.C. Circuit's ruling in *ACA International*, the parties will need to conduct discovery on the issue of consent. Plaintiff argues he never consented to the calls, but that even if he did, he "rescinded this authorization numerous times." Complaint ¶ 25. Thus, if Plaintiff did authorize such calls, the parties will need to conduct discovery on the issue of revocation. As another court in this district recently noted,

> If the D.C. Circuit upholds the 2015 FCC Order, the parties will need to conduct discovery to determine whether [the plaintiffs'] revocation of consent was effective. If the 2015 FCC Order's ruling on consent revocation does not survive, the parties will still need to conduct similar discovery, only under Ninth Circuit precedent.

*Declue*, 2017 WL 4541668, at *2 (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1047 (9th Cir. 2017) (holding that consumers may revoke their prior express consent under the TCPA, even if the D.C. Circuit invalidates the 2015 FCC Order).

Plaintiff also argues that the decision by the D.C. Circuit Court is not binding on this Court. Though district courts have reached different conclusions on the precedential effect of the D.C. Circuit's ruling in *ACA International*, the Court need not resolve this issue at this time. *See Cabiness v. Educ. Fin. Solutions, LLC*, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("Although the *ACA Int'l* decision will be binding on this Court, there is currently no live ATDS issue with respect to the Plaintiff in this case."); *cf. O'Hanlon v. 24 Hour Fitness USA, Inc.*, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016) (noting "any decision from the D.C. Circuit would not be binding on this Court"). However, as Plaintiff notes, the losing party in *ACA International* will likely petition the U.S. Supreme Court for review, "making it impossible to forecast if or when a decision in *ACA International* will become final." *Hiemstra v. Credit One Bank*, 2017 WL 4124233,

at *2 (E.D. Cal. Sept. 15, 2017). Thus, Defendant has not shown a stay would promote judicial economy.

### 2. *Hardship or Inequity*

The Court must also consider the "hardship or inequity which a party may suffer in being required to go forward" with the case. *Lockyer*, 398 F.3d at 1110. Defendant relies exclusively on the cost and burden of defending a lawsuit in arguing it will suffer hardship. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112. Defendant's reliance on *Bowden v. Contract Callers, Incorporated*, is misplaced, as the district court there noted the defendant "would be harmed by burdensome class discovery." 2017 WL 1732017, at *2 (N.D. Cal. Apr. 5, 2017). Because this case does not involve class allegations, there is no such risk present here. Moreover, Plaintiff asserts the magistrate judge "has already limited the number and scope of discovery in this case." Doc. No. 28 at 2. Thus, Defendant has not made out "a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

### 3. *Prejudice*

Lastly, staying this case would prejudice Plaintiff. Defendant filed its motion more than eight months after Plaintiff filed his Complaint. *See Hiemstra*, 2017 WL 4124233, at *3 (noting a stay would prejudice the plaintiff where the defendant filed its motion more than eight months after the plaintiff filed her complaint and discovery had not yet commenced). Of significance is the fact that Defendant must still produce discovery to settle the factual disputes regarding the use of an alleged artificial voice and whether Defendant previously obtained Plaintiff's consent. Additionally, Plaintiff's artificial voice basis for his TCPA claim, his Rosenthal Act claim, and his intrusion claim will all remain regardless of the outcome in *ACA International*. Thus, imposing a stay will prejudice Plaintiff.

In sum, in weighing the relevant factors, the Court is unconvinced that a stay is warranted in this case. The Court finds Defendant has not shown this is one of those

"rare" circumstances where a party in one case must "stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

## Conclusion

Based on the foregoing, the Court **DENIES** Defendant's motion to stay proceedings pending the D.C. Circuit's ruling in *ACA International*.

**IT IS SO ORDERED.**

Dated: October 17, 2017

HON. MICHAEL M. ANELLO
United States District Judge